IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02164-MSK-CBS

MURRAY CLARK BRANSTETTER,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF GRAND COUNTY, COLORADO,

    Defendants.

_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Summary Judgment **(# 23)**, the Plaintiff's response **(# 25)**, and the Defendant's reply **(# 26)**. At a Pretrial Conference on March 23, 2007, the Court granted **(# 30)** the Motion in part, granting summary judgment to the Defendant on the Plaintiff's disability and religious discrimination claims, and reserved ruling on the Motion as it related to the Plaintiff's Due Process claim.

## **FACTS**

As relevant herein, the Plaintiff was previously employed as the Road Supervisor in Grand County, Colorado. In July 2004, the Plaintiff began a prolonged absence from work, which the Defendant (hereinafter, "the Board") deemed to be without authorization. On July 27, 2004, the Board voted to terminate the Plaintiff's employment. It is undisputed that the Plaintiff was not given specific notice of the Board's intention to consider his ongoing employment at the July 27,

1

2004 meeting, nor that he was given an opportunity to address the Board on that issue at that time.

The Plaintiff commenced this action alleging, among other things, that his termination constitutes a deprivation of a property right in his continued employment without Due Process, in violation of 42 U.S.C. § 1983.  The Board moves for summary judgment on this claim, alleging that the Plaintiff cannot establish that he had a protectible property interest in his continued employment.

## ANALYSIS

### A. Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Property interest

The protections contemplated by the Due Process clause of the United States Constitution extend only to the deprivation of interests encompassed by the 14th Amendment's protection of liberty and property. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). A protected property interest in continued employment exists only if the employee can demonstrate a legitimate claim of entitlement to continued employment. *Dickeson v. Quarberg*, 844 F.2d 1435, 1438 (10th Cir.1988). Thus, it is the Plaintiff's burden in this case to demonstrate that he had a protected property interest in his continued employment.

Whether such a property interest exists is determined by state law, and is created from sources such as state statutes, ordinances, or mutually explicit understandings. *Id.* at 1437. The hallmark of a property interest in employment is the existence of a statute, regulation, or policy that limits the grounds upon which the employee may be discharged, or which restricts discharge to just cause shown. *Hulen v. Yates*, 322 F.3d 1229, 1240 (10th Cir. 2003); *Asbill v. Housing Auth. of Choctaw Nation*, 726 F.2d 1499, 1502 (10th Cir.1984). However, procedural protections that govern discipline and termination do not, of themselves, create a property interest

in future employment; the property interest must arise from some <u>substantive</u> restriction on the employer's ability to exercise its discretion to terminate. *Asbill*, 726 F.2d at 1502.

The Plaintiff contends that his property interest in continued employment arises pursuant under C.R.S. § 43-2-111. *Docket* # 25 at 4. That statute provides, in pertinent part, that a Road Supervisor "shall hold office during satisfactory service, but he may be removed by any board of county commissioners at any time at the discretion of said board." C.R.S. § 43-2-112(4). The Plaintiff argues that because the Board's exercise of discretion to terminate a Road Supervisor's employment is something more than a ministerial act, it is the equivalent of "formal board action." *Docket* # 25 at 6. From the premise that "nonrenewal or removal of a road supervisor always is a formal board action," the Plaintiff concludes that he "could be removed only in the exercise of discretion by the Defendant." *Id.*

The statute cited by the Plaintiff clearly imposes no <u>substantive</u> limitation on the ability of the Board to terminate his employment. It provides that a Road Supervisor may be removed "at the discretion" of the Board. It does not place any limitations on the Board's exercise of that discretion by, for example, requiring that the Road Supervisor be terminated only for "good" or "just cause." *See Hennigh v. City of Shawnee*, 155 F.3d 1249, 1255 (10th Cir. 1998) (contract allowing employer to terminate employee for "cause shown" was a substantive restriction on employer's discretion creating a property interest in continued employment); *Asbill*, 726 F.2d at 1502 ("if a statute, regulation, or policy specifies the grounds on which an employee may be discharged, or restricts the reasons for discharge to 'just cause shown,' then the employee has a right to continued employment until such grounds or causes are shown"). As a result, the Board's discretion to terminate a Road Supervisor is not constrained in any substantive way. The

statement that the Plaintiff is entitled to hold his job "during satisfactory service" does not amount to a restriction on the Board's discretion; rather, it is merely an acknowledgment that the Plaintiff remains employed so long as the Board is satisfied to permit him to continue. *See e.g. Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir.1991) (ordinance allowing police chief to be discharged "for the good of the service" did not amount to a substantive restriction on city's discretion to fire chief so as to create a property interest in him).

The Plaintiff also argues that the statutory language requiring "formal board action" is suggestive of a substantive limitation. The Court disagrees. At most, the requirement of formal action of the Board is a procedural requirement, which by itself does not create any substantive limitation on the Board's decisionmaking or exercise of discretion. *See Asbill*, 726 F.2d at 1502.

Accordingly, the Court finds that the Plaintiff has failed to establish a property interest in his continued employment sufficient to support a Due Process claim.

## CONCLUSION

For the foregoing reasons, the Board's Motion for Summary Judgment **(# 23)** is **GRANTED** in its entirety. Judgment shall enter in favor of the Board on all claims in the Complaint.

Dated this 10th day of April, 2007

                            **BY THE COURT:**

                            *Marcia S. Krieger*

                            Marcia S. Krieger
                            United States District Judge